UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COREY MORRIS,

    Petitioner,

v.

STEVEN JOHNSON, et al.,

    Respondents.

Civil Action No. 17-4739 (MAS)

**MEMORANDUM ORDER**

This matter has come before the Court on a Petition for a Writ of Habeas Corpus by Petitioner Corey Morris pursuant to 28 U.S.C. § 2254. Also before the Court is Petitioner's Motion to Stay, requesting the Court to stay the matter while Petitioner exhausts state court remedies. The Court has reviewed the Petition and concludes that some of Petitioner's claims overlap those that are currently before the state court. As explained in *Rhines v. Weber*, 544 U.S. 269 (2005), the Petition in the present case is a mixed petition because some of Petitioner's habeas claims were not fully exhausted at the time of filing. Federal district courts may not adjudicate mixed petitions. *Id.* at 273.

Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations, and lose the opportunity to seek federal habeas review. *See id.* at 275-76. As Petitioner concedes, and the Court's review of the Petition and the Motion to Stay confirms, very little time has run from Petitioner's one-year statute of limitations period to file a federal habeas petition due to the statutory tolling during Petitioner's state court proceedings. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). According to the timeline provided by Petitioner in his Motion to Stay, his judgment became final on December 29, 2010, when he withdrew the direct appeal of his resentencing. (ECF No. 2-1 at 8.) Meanwhile, Petitioner filed his first application for post-conviction relief ("PCR") on November 1, 2010, *before* his judgment became final. (*Id.* at 2.) Petitioner's first PCR application was denied on August 5, 2013, a timely appeal was filed on August 26, 2013, and the denial was upheld on October 1, 2015. (*Id.* at 3.) Petitioner then filed a second PCR application on December 22, 2015, claiming that his first PCR counsel failed to raise certain ineffective assistance of trial counsel claims. (*Id.* at 4.) That second application is still pending. (*Id.*) Based on this timeline, a maximum of two months ran from Petitioner's federal habeas one-year limitations period. As such, Petitioner cannot show that a stay is necessary, because after his second PCR concludes, he has ample time to refile his federal habeas petition. Accordingly, the Court denies the Motion to Stay, and dismisses the Petition without prejudice as a mixed petition.

IT IS therefore on this 18th day of October, 2017,

ORDERED that the Motion to Stay (ECF No. 2) is hereby **DENIED**;

ORDERED that the Petition (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner, and shall **CLOSE** the file.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE